STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE OF THE NEBRASKA SUPREME COURT, RELATOR, V.
JOHN P. HEITZ, RESPONDENT.
739 N.W.2d 161

Filed August 3, 2007.   No. S-07-512.

WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.

## INTRODUCTION

This case is before the court on the voluntary surrender of license filed by respondent, John P. Heitz. The court accepts respondent's surrender of his license and enters an order of disbarment.

## FACTS

Respondent was admitted to the practice of law in the State of Nebraska on June 24, 1975. At all times relevant hereto, respondent was engaged in the private practice of law in Nebraska.

On May 10, 2007, an application for the temporary suspension of respondent from the practice of law was filed by the chairperson of the Committee on Inquiry of the Third Disciplinary District. The application stated, in effect, that respondent had been appointed to serve as the personal representative in a probate estate case and that in that capacity, respondent had converted in excess of $50,000 of estate funds for his personal use. The application further stated in effect that respondent "has engaged in and continues to engage in conduct that, if allowed to continue until final disposition of disciplinary proceedings, will cause serious damage to the public and to the members of the Nebraska State Bar Association." On May 17, this court issued an order to show cause why respondent should not be temporarily suspended. On May 25, respondent filed his consent to suspension, and on June 6, this court entered an order suspending respondent from the practice of law. Respondent was ordered to comply with the terms of Neb. Ct. R. of Discipline 16 (rev. 2004). The court file in this case reflects that respondent has returned his bar card.

On June 26, 2007, respondent filed with this court a voluntary surrender of license, voluntarily surrendering his license to practice law in the State of Nebraska. In his voluntary surrender of license, respondent stated that, for the purpose of his voluntary surrender of license, he knowingly does not challenge or contest the truth of the allegations in the application for temporary suspension to the effect that while he was serving as the personal representative of a probate estate, he converted

estate funds for his personal use. In addition to surrendering his license, respondent voluntarily consented to the entry of an order of disbarment and waived his right to notice, appearance, and hearing prior to the entry of the order of disbarment.

## ANALYSIS

Neb. Ct. R. of Discipline 15 (rev. 2001) provides in pertinent part:

(A) Once a Grievance, a Complaint, or a Formal Charge has been filed, suggested, or indicated against a member, the member may voluntarily surrender his or her license.

(1) The voluntary surrender of license shall state in writing that the member knowingly admits or knowingly does not challenge or contest the truth of the suggested or indicated Grievance, Complaint, or Formal Charge and waives all proceedings against him or her in connection therewith.

Pursuant to rule 15, we find that respondent has voluntarily surrendered his license to practice law and that, for the purpose of this voluntary surrender of license, respondent knowingly does not contest the truth of the allegations made against him in the application for temporary suspension. Further, respondent has waived all proceedings against him in connection with his voluntary surrender. We further find that respondent has consented to the entry of an order of disbarment.

## CONCLUSION

Upon due consideration of the court file in this matter, the court finds that, for the purpose of this voluntary surrender of license, respondent voluntarily has stated that he knowingly does not challenge or contest the truth of the allegations in the application for temporary suspension to the effect that while he was serving as the personal representative of a probate estate, he converted estate funds for his personal use. The court accepts respondent's surrender of his license to practice law, finds that respondent should be disbarred, and hereby orders him disbarred from the practice of law in the State of Nebraska, effective immediately. Respondent shall forthwith fully comply with all terms of disciplinary rule 16, and upon failure to do so,

he shall be subject to punishment for contempt of this court. Accordingly, respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 1997) and Neb. Ct. R. of Discipline 10(P) (rev. 2005) and 23 (rev. 2001) within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF DISBARMENT.

HEAVICAN, C.J., not participating.